UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| SCOTT CRABTREE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| TRANS UNION, LLC, and | ) |
| CHIME BANK, | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S COMPLAINT

Plaintiff, SCOTT CRABTREE ("Plaintiff"), through his attorney, Ferris Winder PLLC, alleges the following against Defendants, TRANS UNION, LLC ("Trans Union") and CHIME BANK ("Chime") (collectively "Defendants"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the based on the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. and Regulation V, 12 C.F.R. part 1022.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under the FCRA 15 U.S.C. § 1681, *et seq*., as well as pursuant to 28 U.S.C. §§ 1331 and 1337.

3. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

### PARTIES

4. Plaintiff is a natural person residing in the City of Jonesville, Lee County, State of

Virginia.

5. At all relevant times, Plaintiff was a "consumer" as that term was defined by the FCRA.

6. Defendant Trans Union is a credit reporting agency that regularly conducts business throughout every state and county in the United States and as a corporation that does business in the state of Virginia, is a citizen of the state of Virginia.

7. At all relevant times, TRANS UNION, LLC was a "consumer reporting agency" as that term is defined by the FCRA.

8. At all relevant times, Defendant Chime was a "furnisher" as that term is defined by the FCRA and Regulation V. 12 C.F.R. § 1022.41(c).

9. At all relevant times, each Defendant was a "person" as that term is defined by the FCRA.

9. At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by the FCRA.

## FACTUAL ALLEGATIONS

10. Defendant Trans Union has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereinafter, the "inaccurate information").

11. The inaccurate information of which Plaintiff complains is an account, or trade-line, that reflects Plaintiff's history of credit.

12. The aforementioned trade-line is currently reporting to Plaintiff's credit report as an account with Chime on Plaintiff's credit report maintained by Defendant Trans Union.

13. At all times pertinent hereto, Plaintiff was not responsible for the debt reported by Defendant Chime.

14. On or about February 15, 2021 Plaintiff initiated a dispute of the information with

Defendant Trans Union and informed Defendant Trans Union that he was a victim of identity theft and that the account in question did not belong to him.

15. Plaintiff's dispute explained, and provided proof thereof, that Plaintiff was a victim of identity theft.

16. Plaintiff requested for Defendant Trans Union to correct the inaccuracy of the trade-line.

17. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor, and Plaintiff's credit worthiness.

18. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

19. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant Trans Union, Defendant Trans Union notified Defendant Chime of Plaintiff's dispute and the nature of the dispute.

20. Upon information and belief, within five (5) days of Plaintiff disputing the inaccurate information with Defendant Trans Union, Chime received notification from Trans Union of Plaintiff's dispute and the nature of the dispute.

21. Upon information and belief, Defendant Trans Union received the results of Defendant Chime's investigation as to Plaintiff's dispute.

22. Upon information and belief, Defendant Trans Union updated the reporting of the account(s) at issue solely based upon the information it received from Defendant Chime in response to Plaintiff's dispute.

23. Defendant Chime failed to undertake a reasonable investigation following the notification received from Defendant Trans Union of Plaintiff's dispute because it continued to

disseminate inaccurate statements and information despite Plaintiff informing Defendant Chime that he does not owe the debt that Defendant Chime is reporting.

24. Despite the foregoing factual allegations, Defendants have disseminated information stating that Plaintiff is liable for the account, of which he is not liable.

10. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, have failed to remove the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendants herein.

26. Despite Plaintiff's efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information and has continued to report the derogatory inaccurate information about Plaintiff.

27. Plaintiff has been damaged, and continues to be damaged, in the following ways:

   a. Impeded Plaintiff's ability to obtain credit;

   b. Out of pocket expenses associated with disputing the information only to find the information to remain on the credit report;

   c. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and

unknown;

d. Denial of credit, loans, financing and/or other damages, not yet known by Plaintiff;

e. Decreased credit score which may result in inability to obtain credit on future attempts; and

f. On information and belief, loss of employment opportunities in federal law enforcement due to decreased credit score.

## COUNT I
## DEFENDANT TRANS UNION, LLC VIOLATED THE FAIR CREDIT REPORTING ACT

31. Plaintiff repeats and realleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant TRANS UNION, LLC is liable to Plaintiff for engaging in the following conduct:

   a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

   b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

   c. Willfully or negligently failing to review and consider all relevant information submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

   d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

   e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information, and file, in violation of 15 U.S.C. §1681e(b).

WHEREFORE, Plaintiff, SCOTT CRABTREE, respectfully requests judgment be entered

against Defendant, TRANS UNION, LLC, for the following:

    a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

    d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

    e. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT CHIME BANK VIOLATED THE FAIR CREDIT REPORTING ACT

33. Plaintiff repeats and realleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

34. Defendant Chime violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

    a. Willfully or negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from Plaintiff, in violation of 15 U.S.C. §1681i(a);

    b. Willfully or negligently failing to provide all relevant information provided by Plaintiff regarding the dispute of the inaccurate information to the furnishing entities, in violation of 15 U.S.C. §1681i(a);

    c. Willfully or negligently failing to review and consider all relevant information

    submitted by Plaintiff concerning the dispute of the inaccurate information, in violation of 15 U.S.C. §1681i(a);

d. Willfully or negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a); and

e. Willfully or negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

WHEREFORE, Plaintiff, SCOTT CRABTREE, respectfully requests judgment be entered against Defendant CHIME BANK for the following:

a. All actual compensatory damages suffered pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

b. Statutory damages of $1,000.00 pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

c. Costs and reasonable attorneys' fees pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a);

d. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Fair Credit Reporting Act, 15 U.S.C. § 1681n(a); and

e. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

February 6, 2023

By: /s/ Richard W. Ferris
Richard W. Ferris, Esq.
Virginia bar number 31812

Ferris Winder, PLLC
9327 Midlothian Turnpike
Suite 1J
Richmond, VA 23235
(804) 767-1800
(888) 251-6228
rwferris@ferriswinder.com
*Attorney for Plaintiff, SCOTT CRABTREE*